AF Approval _KL for JAM_               Chief Approval _DMB_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  CASE NO. 8:23-cr-438-SDM-NHA

FRANCISCO MENDEZ REVI

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B.

Handberg, United States Attorney for the Middle District of Florida, and the

defendant, Francisco Mendez Revi, and the attorney for the defendant, Howard

Williams, Esq., mutually agree as follows:

### A.   Particularized Terms

1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment. Count One charges the defendant with conspiracy to possess with intent

to distribute five (5) kilograms or more of a substance or mixture containing a

detectable amount of cocaine, a Schedule II controlled substance, while on board a

vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§

70503(a), 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(1)(B)(ii).

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of ten (10) years up to life, a fine of up to $10,000,000, a term of

Defendant's Initials _FM_

supervised release of at least five (5) years up to life, and a special assessment of $100.

   3.   *Alleyne v. United States* and *Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a minimum sentence of ten (10) years of imprisonment up to life may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The weight of the substance that the defendant conspired to possess with intent to distribute was five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine.

   4.   Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| | |
|---|---|
| First: | that two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a shared and unlawful plan, as charged in the Indictment; |
| Second: | that the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and |
| Third: | that the object of the unlawful plan was to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine. |

Defendant's Initials *FM*     2

Although not an element of the offense charged in Count One, the
government has the burden of establishing that the subject vessel is a vessel subject to
the jurisdiction of the United States. In this case, the United States would show that
the subject vessel is a vessel without nationality. Whether or not a vessel is subject to
the jurisdiction of the United States is a preliminary question of law to be determined
by the trial judge rather than an element of the offense submitted to the jury. 46
U.S.C. § 70504(a). *See also*, *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir.
2002).

5.    Count Dismissed

At the time of sentencing, the remaining count against the defendant,
Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's
Office for the Middle District of Florida agrees not to charge defendant with
committing any other federal criminal offenses known to the United States
Attorney's Office at the time of the execution of this agreement, related to the
conduct giving rise to this plea agreement.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will
recommend to the Court that the defendant be sentenced within the defendant's
applicable guidelines range as determined by the Court pursuant to the United States
Sentencing Guidelines, as adjusted by any departure the United States has agreed to

Defendant's Initials *FM*                3

recommend in this plea agreement. The parties understand that such a
recommendation is not binding on the Court and that, if it is not accepted by this
Court, neither the United States nor the defendant will be allowed to withdraw from
the plea agreement, and the defendant will not be allowed to withdraw from the plea
of guilty.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information
is received suggesting such a recommendation to be unwarranted, the United States
will recommend to the Court that the defendant receive a two-level downward
adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The
defendant understands that this recommendation or request is not binding on the
Court, and if not accepted by the Court, the defendant will not be allowed to
withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior
to operation of subsection (a) is level 16 or greater, and if the defendant complies
with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement,
including but not limited to, the timely submission of the financial affidavit
referenced in Paragraph B.5., the United States agrees to file a motion pursuant to
USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant
understands that the determination as to whether the defendant has qualified for a
downward adjustment of a third level for acceptance of responsibility rests solely

Defendant's Initials  F M                    4

with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year

Defendant's Initials $FM$          5

of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      10.    Cooperation - Responsibilities of Parties

          a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

          b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _FM_         6

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recission of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

Defendant's Initials  ℱM                    7

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 881, 46 U.S.C § 70507 and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, or defendant's nominees.

Defendant's Initials *FM*                    8

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees

Defendant's Initials *FM*                    9

to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the

Defendant's Initials  _FM_                   10

abatement of any underlying criminal conviction after the execution of this
agreement. The forfeitability of any particular property pursuant to this agreement
shall be determined as if the defendant had survived, and that determination shall be
binding upon defendant's heirs, successors and assigns until the agreed forfeiture,
including any agreed forfeiture, is collected in full.

## B.   Standard Terms and Conditions

### 1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or
in lieu of any other penalty, shall order the defendant to make restitution to any
victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18
U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to
any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all
counts charged, whether or not the defendant enters a plea of guilty to such counts,
and whether or not such counts are dismissed pursuant to this agreement. The
defendant further understands that compliance with any restitution payment plan
imposed by the Court in no way precludes the United States from simultaneously
pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the Mandatory
Victims Restitution Act, in order to ensure that the defendant's restitution obligation
is satisfied.

Defendant's Initials _FM_                11

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or

Defendant's Initials _FM_            12

defendant's counsel, and to correct any misstatements or inaccuracies. The United

States further reserves its right to make any recommendations it deems appropriate

regarding the disposition of this case, subject to any limitations set forth herein, if

any.

     5.    Financial Disclosures

         Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii),

the defendant agrees to complete and submit to the United States Attorney's Office

within 30 days of execution of this agreement an affidavit reflecting the defendant's

financial condition. The defendant promises that his financial statement and

disclosures will be complete, accurate and truthful and will include all assets in

which he has any interest or over which the defendant exercises control, directly or

indirectly, including those held by a spouse, dependent, nominee or other third party.

The defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by the

defendant, directly or through a nominee, and, by the execution of this Plea

Agreement, consents to the release of the defendant's tax returns for the previous five

years. The defendant similarly agrees and authorizes the United States Attorney's

Office to provide to, and obtain from, the United States Probation Office, the

financial affidavit, any of the defendant's federal, state, and local tax returns, bank

records and any other financial information concerning the defendant, for the

purpose of making any recommendations to the Court and for collecting any

assessments, fines, restitution, or forfeiture ordered by the Court. The defendant

Defendant's Initials **FM**         13

expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    Sentencing Recommendations

          It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether such decision is consistent with the government's recommendations contained herein.

Defendant's Initials _F M_          14

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _FM_                    15

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or <u>in</u> <u>camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials  *F M*                    16

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.    <u>Factual Basis</u>

           Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit and stipulate that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

           On or about November 26, 2023, a helicopter from the United States Ship (USS) FARRAGUT sighted a go-fast vessel (GFV) in the international waters of the Caribbean Sea, approximately seventy-one (71) nautical miles southeast of Enriquillo, Dominican Republic. The helicopter crew could see two engines, packages, fuel barrels, and two persons onboard. The GFV was not flying a flag and displayed no other indicia of nationality.

           The USS FARRAGUT launched its two small boats with Coast Guard boarding teams to intercept the GFV. The helicopter crew vectored the Coast Guard

Defendant's Initials _FM_          17

to the GFV. Once the Coast Guard was alongside, the GFV stopped and allowed the Coast Guard to gain positive control.

After gaining positive control of the GFV, the Coast Guard conducted a right of visit (ROV) boarding, and the defendant, Francisco Mendez Revi, and his co-defendant in this case were identified as the two (2) crewmembers on the GFV. No one made a claim of nationality for the vessel.

Therefore, in accordance with 46 U.S.C. §§ 70502(c)(1)(A) and 70502(d)(1)(B), the U.S. Coast Guard treated the GFV as a vessel without nationality and therefore a vessel subject to the jurisdiction of the United States. At the time of interdiction by the Coast Guard, the GFV was seaward of the territorial seas of any nation and in international waters.

Onboard the GFV, the Coast Guard found nine (9) bales of suspected cocaine. The Coast Guard performed a narcotics identification kit (NIK) field test on a package from one of the bales, which was positive for cocaine. In total, the cocaine had an at-sea weight of approximately 241 kilograms.

The defendant, Francisco Mendez Revi, willingly agreed to transport cocaine aboard the GFV with his codefendant and others. The purpose of this agreement was to smuggle this cocaine through international waters and distribute the cocaine to other persons. The defendant knew the packages onboard the GFV contained five (5) or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture.

Defendant's Initials F M            18

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25 day of March, 2024.

ROGER B. HANDBERG
United States Attorney

Francisco Mendez Revi
Defendant

Michael Leath
Special Assistant United States Attorney

Howard Williams
Attorney for Defendant

Dan Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

19